HUBBART, Judge
(concurring).
I am compelled to concur with the judgment and opinion of the court. The existing law is accurately stated in the court’s opinion and an affirmance is thereby mandated in this case.
I write separately, however, to express my continued and profound concern over the virtually unrestrained type of state-conducted electronic surveillance which is permitted under our law in this case. So long as a law enforcement agent “consents” to the electronic surveillance which he himself helps conduct of conversations in which he is a party, the surveillance may lawfully take place without benefit of a valid intercept warrant, without any exigent circumstances whatever, and without a shred of probable cause; in short, the electronic surveillance may take place at the unfettered discretion of the police. This kind of unrestrained electronic eavesdropping exerts, in my view, a chilling effect on the right of free speech; it can be and has been used by law enforcement agents to silence political dissent, to harass unpopular or despised people, and to politically blackmail public officials. See e.g., F. Donner The Age of Surveillance (1980). It will continue to be so used until the courts decide to change the course of this line of decisions and exercise effective judicial control over this virtually unregulated type of electronic eavesdropping. I hope that day is not too far off, for surely we cannot live in the long run with the totalitarian result which these decisions permit.
In sum, I adhere to the views expressed in my dissenting opinions in State v. Shaktman, 389 So.2d at 1047-54 and Franco v. State, 376 So.2d 1168, 1170-72 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 636 (Fla. 1980), but am compelled to follow the established law of this state to the contrary. I, therefore, reluctantly agree to the affirmance herein.